```
 1
 2
 3
 4
 5
 6                        UNITED STATES DISTRICT COURT
 7                              DISTRICT OF NEVADA
 8                                    * * * * *
 9   JOHN BRYANT LAWSON,              )
                                      )   3:14-cv-00345-LRH-WGC
10                  Plaintiff,        )
                                      )
11   v.                               )   ORDER
                                      )
12   WILLIAM M. LAWSON, JR., SHARON   )
     ONDREYCO, M.D. individually and in their )
13   capacities as Trustees of the William M. )
     Lawson Irrevocable Trust dated December 17, )
14   1997, and DOES 1 to 5, inclusive, )
                                      )
15                  Defendants.       )
                                      )
16
```

Before the Court is William M. Lawson, Jr. and Sharon Ondreyco's (collectively "Defendants") Motion to Dismiss with Prejudice and Request for Attorney Fees and Costs. Doc. #5.[1] Plaintiff John Bryant Lawson ("Plaintiff") filed an Opposition (Doc. #11), to which Defendants replied (Doc. #13).

**I.    Facts and Procedural Background**

Plaintiff John Lawson and his daughter Tiffany are beneficiaries of the William M. Lawson Irrevocable Trust ("the Trust") dated December 17, 1997. Doc. #1 ¶1. In 1997, Plaintiff sustained multiple injuries that left him disabled and unable to perform work in his trade as a plumber. *Id.* ¶2. Plaintiff lived in California through 2013, at which point he moved to Reno, Nevada. *Id.* ¶6. Defendants William Lawson, Jr. and Sharon Ondreyco were the trustees of the Trust until June 26, 2013, at which point John and Tiffany Lawson became trustees. *Id.* ¶¶3-4. Defendant Lawson is a lawyer practicing in Phoenix, Arizona, and his wife Defendant Ondreyco

---
[1] Refers to the Court's docket entry number.

1  is an oncologist and resident of Phoenix, Arizona. *Id.*

2       The Trust was established by William M. Lawson Sr., the father of John and William
3  Lawson, while he was a resident of Pasadena, California. *Id.* ¶7. Defendants managed the Trust
4  without informing Plaintiff that he was a beneficiary until 2005. *Id.* ¶8. In August, 2006,
5  Defendants merged the Trust with a new Descendants' Trust, and did not give Plaintiff notice
6  that he was a beneficiary of the merged trust. *Id.* ¶10. From early 2008 through March 2013,
7  Defendants refused to make distributions to Plaintiff despite his repeated requests for money to
8  treat his chronic health problems, and that the Trust stated that Plaintiff was entitled at least to
9  annual distributions. *Id.* ¶11. Plaintiff was diagnosed with a brain tumor in early 2011. *Id.* ¶13.
10  Despite knowledge of Plaintiff's condition, Defendant Lawson stated in writing that he would
11  not make any distributions to Plaintiff absent a court order. *Id.* ¶13.
12       Plaintiff filed a Petition against Defendants in Los Angeles County Probate Court on
13  March 4, 2013. *Id.* ¶17. At a hearing on the Petition in May, 2013, Defendants refused to
14  disburse funds to Plaintiff unless Plaintiff released Defendants from liability. *Id.* ¶19. Plaintiff's
15  attorney informed Defendants that any such release would likely be invalid under California
16  Probate Code § 16004.5,[2] at which point Defendants threatened to spend the entire Trust if
17  Plaintiff did not sign the release. *Id.* The parties settled on July 7, 2013, and as part of the
18  settlement agreement, Plaintiff signed a release of all claims against Defendants. *Id.* ¶20.
19  Plaintiff claims that this settlement is void because it was the result of fraud, breach of fiduciary
20  duty, oppression, malice, and financial abuse by Defendants. *Id.* ¶21. Plaintiff filed his
21  Complaint with this Court on July 2, 2014, stating claims for (1) financial abuse of a dependent
22  adult, (2) intentional infliction of emotional distress, (3) breach of fiduciary duty, (4) rescission
23  of settlement agreement, and (5) constructive fraud.
24  ///
25  ///
26
27
28      [2] "A trustee may not require a beneficiary to relieve the trustee of liability as a condition for making a distribution or payment to, or for the benefit of, the beneficiary, if the distribution or payment is required by the trust instrument." Cal. Prob. Code § 16004.5(a).

## II. Legal Standard

Defendants seek dismissal for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 8(a)(2) pleading standard does not require detailed factual allegations, but a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To satisfy the plausibility standard, 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the Court to draw the reasonable inference, based on the Court's "judicial experience and common sense," that the defendant is liable for the misconduct alleged. *See id.* at 678-79. The plausibility standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* The "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 681) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more

than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 556 U.S. at 681). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

"When an affirmative defense is obvious on the face of a complaint, [] a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). When ruling on a 12(b)(6) motion, the Court generally cannot consider material beyond the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Courts can consider evidence "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

### III. Discussion

#### A. Judicial Estoppel

Defendants argue that Plaintiff should be judicially estopped from filing the present action because Plaintiff is bound by the settlement agreement that resolved the prior litigation and included a clause releasing Defendants of all liability for conduct that occurred before June 26, 2013. Doc. #5 at 7-8, 14. The purpose of judicial estoppel "is to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). The Supreme Court has suggested three factors to consider in determining whether judicial estoppel is appropriate. First, judicial estoppel may be appropriate when "a party's later position [is] 'clearly inconsistent' with its earlier position." *Id.* "Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or second court was misled.'" *Id.* (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). If the party did not succeed in the prior proceeding, the party's later inconsistent position "introduces no risk of inconsistent court determinations, and thus poses

little threat to judicial integrity." *Id.* (internal citations omitted).  Third, courts can consider "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.*

First, Defendants argue that Plaintiff's position is "clearly inconsistent" with the prior settlement because "[n]ot once did Plaintiff raise any issues, or plead any claims, relating to the argument that he was unduly influenced during the California proceedings." Doc. #5 at 8.  Second, Defendants argue that Plaintiff "represented to the California court that he freely and voluntarily executed the Settlement Agreement," and therefore prevailed in the prior litigation. *Id.* at 9.  Third, Defendants argue that Plaintiff would "derive an unfair advantage and impose unfair detriments" on Defendants if he succeeds in the present action. *Id.*

Plaintiff's central argument is that the prior settlement agreement is void because it was the result of coercion and undue influence.  Doc. #11 at 3.  "A trustee may not require a beneficiary to relieve the trustee of liability as a condition for making a distribution or payment to, or for the benefit of, the beneficiary, if the distribution or payment is required by the trust instrument."  Cal. Prob. Code § 16004.5(a).[3]  "A release obtained as a condition of accepting payment to which the beneficiary is entitled is in no sense voluntary." *Bellows v. Bellows*, 125 Cal. Rptr. 3d 401, 404 (Cal. Ct. App. 2011).  Plaintiff therefore argues that the settlement agreement is invalid as a basis for judicial estoppel because he was told that he could only recover funds from the Trust by releasing Defendants from liability.

Review of the *New Hampshire v. Maine* factors indicates that Plaintiff should not be judicially estopped from pursuing the present action against Defendants.  First, although Plaintiff's position is "clearly inconsistent" with the position taken in the settlement agreement—releasing Defendants of all liability—Plaintiff has pleaded that this inconsistent

---

[3] The Trust and Settlement Agreement both rely on California law, and the parties relied on California law in their pleadings.  "[T]he expressed intention of the parties as to the applicable law in the construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract."  *Ferdie Sievers and Lake Tahoe Land Co., Inc. v. Diversified Mortg. Investors*, 603 P.2d 270. 273 (Nev. 1979).  There is no indication that the parties did not act in good faith in choosing to rely on California law, nor have they attempted to evade the applicable law of the real situs of the contract.

5

position resulted because the prior settlement was void in the first place given that Plaintiff was already legally entitled to the benefit Defendants conceded as part of the settlement. *See In re Corey*, 892 F.2d 829, 836 (9th Cir. 1989) (citing *Konstantinidis v. Chen*, 626 F.2d 933, 939 (D.C. Cir. 1980) (noting that the doctrine of judicial estoppel "has never been applied where [the party's] assertions were based on fraud, inadvertence, or mistake."). The second factor weighs in favor of Defendants because a "settlement is equivalent to winning a judgment for purposes of applying judicial estoppel." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 604-05 (9th Cir. 1996); *see New Hampshire*, 532 U.S. at 752 (the success need only be "sufficiently favorable" to garner the party's approval). The third factor tilts the scale back toward Plaintiff because he would not obtain an unfair advantage in bringing a claim against Defendants for their acts and, taking the allegations in the Complaint as true, might be prejudiced if the Court *did not* permit Plaintiff to raise the present claims and contest the validity of the prior settlement. *See In re Parker*, 204 Fed. Appx. 598, 600 (9th Cir. 2006) (finding that a plaintiff did not obtain an unfair advantage for advancing a position that departed from an invalid prior judgment). Accordingly, the Court finds that the doctrine of judicial estoppel does not bar Plaintiff's present claim against Defendants.

      **B.**    **Recision of Settlement Agreement**

Defendants argue that Plaintiff cannot rescind the prior settlement agreement because the agreement was not the result of coercion or fraud. Under California law, a contract can be rescinded if "the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence." Cal. Civ. Code § 1689. Undue influence occurs when a party takes "an unfair advantage of another's weakness of mind" or "a grossly oppressive and unfair advantage of another's necessities or distress." § 1575(2)-(3). Defendants argue that Plaintiff essentially raises an "economic duress" argument, and that courts, "in desiring to protect the freedom of contracts and to accord finality to a privately negotiated dispute resolution, are reluctant to set aside settlements and apply 'economic duress' only in limited circumstances and as a 'last resort.'" *Lanigan v. City of Los Angeles*, 132 Cal. Rptr. 3d 156, 168 (Cal. Ct. App. 2011) (quoting *San Diego Hospice v. Cnty. of San Diego*, 37 Cal. Rptr. 2d 501, 507 (Cal. Ct.

1  App. 1995)). Defendants argue further that Plaintiff's claim for rescission must fail because he
2  cannot establish that he had "no reasonable alternative" but to assent to the settlement agreement.
3  *See CrossTalk Prods., Inc. v. Jacobson*, 76 Cal. Rptr. 2d 615, 644 (Cal. Ct. App. 1998).

4  Plaintiff pleaded that in threatening to close the Trust if Plaintiff did not release
5  Defendants from liability, Defendants "took a grossly oppressive and unfair advantage of
6  [Plaintiff's] necessities and distress, and took unfair advantage of [Plaintiff's] weakness of mind,
7  in order to unlawfully extract [Plaintiff's] Release of All Claims and Settlement Agreement."
8  Doc. #1 ¶39. Plaintiff also pleaded that rescission is appropriate because Plaintiff's consent to
9  the settlement agreement "was obtained by undue influence, and . . . violation of Probate Code §
10 [16004.5]," which states that a trustee cannot require release of liability in return for a required
11 distribution. *Id.* ¶40. These are not mere conclusory statements because the Complaint also
12 alleges specific events and the timing of all relevant details that led to the settlement and this
13 litigation. These allegations are sufficient to state a claim for rescission based on undue
14 influence at the pleading stage. *See Van Dyke v. Lions Gate Entm't, Inc.*, No. 13-0454, 2013 WL
15 3878974, at *5-6 (C.D. Cal. July 24, 2013) (holding that a plaintiff who alleged that he was
16 threatened with termination if he did not sign an agreement sufficiently pleaded undue influence
17 to support a claim for rescission at the pleading stage); *Kelly v. Provident Life and Accident Ins.*
18 *Co.*, 734 F. Supp. 2d 1085, 1106 (S.D. Cal. 2010) (denying summary judgment regarding
19 rescission where plaintiff alleged, and a jury could find, that a prior settlement was the result of
20 undue influence); *Crosstalk Prods.*, 76 Cal. Rptr. 2d at 644 (noting that the inquiry as to whether
21 a party consented to a settlement agreement because he had "no reasonable alternative" is a
22 factual determination and "rarely if ever susceptible to determination" in a motion to dismiss).

23 Defendants argue further that Plaintiff's claim for rescission must be dismissed because
24 Plaintiff has not offered to restore the consideration received by the prior settlement agreement.
25 Doc. #5 at 12. In order to rescind a contract, a party must (a) give notice of rescission, and (b)
26 restore or offer to restore everything of value that the party received under the contract. Cal. Civ.
27 Code § 1691. California courts apply different rules for rescission depending on whether the
28 contract at issue was the result of fraud in the execution or fraud in the inducement. If the

1  contract was the result of fraud in the execution, the contract is void and it "may be disregarded
2  without the necessity of rescission." *Village Northridge Homeowners Ass'n v. State Farm Fire*
3  *and Cas. Co.*, 237 P.3d 598, 602 (Cal. 2010) (quoting *Rosenthal v. Great W. Fin. Sec. Corp*, 926
4  P.2d 1061, 1073 (Cal. 1996)).  If, as here, Plaintiff alleges that the contract is the result of fraud
5  in the inducement, the contract is *voidable*, and the party seeking to rescind must provide the
6  other party "'prompt notice' and an 'offer to restore the consideration received, if any.'" *Id.*
7  (quoting *Ford v. Shearson Lehman/Am. Express, Inc.*, 225 Cal. Rptr. 895, 904 (Cal. Ct. App.
8  1986)).  The California legislature has "permitted plaintiffs who are unable to restore the
9  consideration received in their original settlements and releases to delay the restoration of the
10  consideration until final judgment consistent with equitable principles, including that defendants
11  not be substantially prejudiced by the delay." *Id.* at 607 (citing Cal. Civ. Code § 1693).  The
12  California Supreme Court has noted that restoration is "not necessary where the plaintiff had a
13  right, 'independently of the release itself,' to retain the money." *Id.* at 604 (quoting *Sime v.*
14  *Malouf*, 212 P.2d 946, 963 (Cal. 1949)).  Such courts have relaxed the restoration requirement,
15  however, when the plaintiff acknowledged the requirement and then pleaded why it could not be
16  fulfilled. *See, e.g.*, *id.* at 603 (noting that courts have not required restoration where the plaintiff
17  "acknowledged the restoration requirement, but alleged that she could not satisfy that
18  requirement because, after defendants had paid for her release, she spent the money on medical
19  expenses").

20  Plaintiff did not plead his intent to return the Trust funds or state any reason for his
21  failure to restore or attempt to restore funds to Defendants in his Complaint.  Accordingly, the
22  Court must apply California Civil Code § 1691 and dismiss Plaintiff's claim for rescission
23  without prejudice. *See Lee v. U.S. Bank*, No. 10-1434, 2010 WL 2635777, at *7 (N.D. Cal. June
24  30, 2010) (denying a motion to dismiss a rescission claim and noting that a "good faith
25  averment" that a plaintiff is willing to return funds obtained in a contract is "sufficient at the
26  pleading stage"); *Chapman v. Skype Inc.*, 162 Cal. Rptr. 3d 864, 878 (Cal. Ct. App. 2013)
27  (sustaining defendant's demurrer regarding rescission and granting leave to amend "to expressly
28  allege . . . that she rescinds the subscription agreement, seeks restitution, and offers to restore the

consideration received"). The Court grants Plaintiff leave to amend the Complaint to properly plead recession in accordance with this Order within thirty (30) days.

### C.  Dismissal of Remaining Claims

Defendants argue that Plaintiff's remaining claims for (1) financial abuse of a dependent adult, (2) intentional infliction of emotional distress, (3) breach of fiduciary duty, and (4) constructive fraud must fail if the Court dismisses Plaintiff's claim for rescission because the language in the settlement states that it "releases, relieves and forever discharges each other person named in this agreement" for liability for acts before June 26, 2013. Doc. #5 at 14. A prior agreement releasing a party of liability must remain in effect if the party seeking rescission does not fulfill the rescission requirements—notice of rescission and an offer to return the funds—prior to filing a subsequent lawsuit. *Village Northridge Homeowners Ass'n*, 237 P.3d at 931. Accordingly, the Court dismisses Plaintiff's remaining claims without prejudice and grants leave to amend the Complaint to properly state a claim for rescission.

### D.  Attorney Fees

Defendants argue that if the Court grants their Motion to Dismiss, then the Court should also grant attorney fees and costs incurred enforcing the settlement agreement. Doc, #5 at 15. Section 17 of the Settlement Agreement states that in "an action to enforce . . . this Agreement . . . the prevailing party shall be entitled to recover from the other party in addition to such other relief as may be granted, his or her actual attorney's fees, costs and expenses incurred." *Id.* "[A] defendant is not a 'prevailing party' with regard to claims dismissed without prejudice." *Oscar v. Alaska Dep't of Educ. and Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008) (quoting *Star Nw. Inc. v. City of Kenmore*, 280 Fed. Appx. 654, 658 (9th Cir. 2008)). Accordingly, it would be premature for the Court to award attorney fees and costs because the Court has dismissed the Complaint without prejudice.

## IV.  Conclusion

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss the Complaint (Doc. #5) is GRANTED without prejudice. The Court grants Plaintiff leave to amend his Complaint to state a claim within thirty (30) days of this Order.

IT IS FURTHER ORDERED that Defendants' Request for Attorney Fees and Costs (Doc. #5) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of November, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE