UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN BRYANT LAWSON | ) | 3:14-cv-00345-LRH-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | April 30, 2015 |
| | ) | |
| WILLIAM M. LAWSON, JR., *et al.,* | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   <u>Katie Lynn Ogden</u>   REPORTER:   <u>          FTR          </u>

COUNSEL FOR PLAINTIFF:   <u>Mary M. Linde, Esq.                              </u>

COUNSEL FOR DEFENDANTS:   <u>Matthew Peter Digesti, Esq.               </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:08 a.m.  Court convenes.

The court holds today's hearing to address Defendants' Motion to Compel Deposition Answers (Doc. # 50).  The court indicates Defendants' motion was modified by filing a supplemental memorandum addressing the issue of whether the law of the forum state (Nevada) governs the waiver of the attorney-client privilege contention or whether the law of the state whose substantive law will be applied (California) will also govern the issue of the implied or expressed waiver of the attorney-client privilege (Doc. # 54).  The Defendants' motion has been fully briefed, Plaintiff filed his opposition (Doc. # 60) and Defendants filed their reply (Doc. # 61).

Before hearing oral argument, the court addresses a document submitted by Plaintiff on the evening of April 29, 2015, entitled "Response to "Reply" to Opposition to Motion to Compel Deposition Answers" (Doc. # 62).  Hearing from counsel regarding Plaintiff's document, the court finds Plaintiff's "response" brief (Doc. # 62) as a fugitive document as it does not comply with Local Rules 7-2.  Additionally, Plaintiff did not seek leave of court to file the document nor did the Plaintiff attempt to confer or notify opposing counsel prior to filing the document.  IT IS THEREFORE ORDERED, Plaintiff's "Response to "Reply" to Opposition to Motion to Compel Deposition Answers" (Doc. # 62) is **STRICKEN**.

Minutes of Proceedings
3:14-cv-00345-WGC
April 30, 2015

In addition to Plaintiff's recent filing, the court has been provided a document by Plaintiff's counsel Mary Linde, which is entitled "Second Supplemental Disclosures." The court advises counsel that discovery documents are not to be filed with the court and that this instant document will not be filed nor will it be considered during today's oral arguments.

The court next addresses Defendants' Motion to Compel Deposition Answers, (Doc. # 50). The court confirms with the parties that they agree the evidentiary issue is governed by California state law. Counsel agrees. The court further confirms with the parties that the burden of proof to establish the lack of confidentiality in the communication at subject is the Defendants. Counsel for Defendants Matthew Digesti states he agrees only after the Plaintiff has asserted the privilege. Plaintiff's counsel agrees. Confirming those two issues, the court next hears oral argument from counsel.

After hearing the parties' respective positions and taking into consideration the parties' briefs regarding Defendants' motion to compel, IT IS THE ORDER OF THE COURT that Defendants' Motion to Compel Deposition Answers (Doc. # 50) is **DENIED**. The court states its findings for the record.

The court next addresses Plaintiff's "Motion for Partial Summary Judgment (FRCP, Rule 56(a); LR 56-1)" (Doc. # 38). Reviewing the record, the court states it had denied the motion without prejudice and had instructed that the motion be administratively re-filed once the Defendants' motion to compel was resolved (Doc. # 46). Although the Defendants' motion to compel is now resolved, the court expresses its concern regarding the re-filing of Plaintiff's partial summary judgment. The court cautions counsel that should either or both parties decide to proceed with the filing of dispositive motions, it is likely the motion(s) will not be disposed until the end of the current calendar year, 2015. Therefore, the court suggests counsel confer with their clients and entertain the idea of forgoing any filing of dispositive motions and instead prepare for trial. Counsel shall notify Ms. Ogden whether or not the parties agree to forgo the filing of dispositive motions and agree to move forward to trial.

Irrespective of the parties' positions regarding potential dispositive motions being filed, the court finds is appropriate to tentatively schedule trial beginning **Monday, September 28, 2015**. Trial is to be set for three (3) days. Counsel are directed to confer with their clients, co-counsel and any potential witnesses regarding the dates and thereafter confirm with Ms. Ogden whether the dates proposed are available for all.

///
///
///

Minutes of Proceedings
3:14-cv-00345-WGC
April 30, 2015

    Counsel confirm there are no additional topics to address at this time; court adjourns at 10:11 a.m.

**IT IS SO ORDERED.**

                                      LANCE S. WILSON, CLERK

                                      By:  _____/s/_____
                                        Katie Lynn Ogden, Deputy Clerk