UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BRYANT LAWSON,<br><br>                    Plaintiff,<br><br>     v.<br><br>WILLIAM M LAWSON, JR., SHARON ONDREYCO, M.D., individually and in their capacities as Trustees of the William M. Lawson Irrevocable Trust dated December 17, 1997, and DOES 1 to 5, inclusive,<br><br>                    Defendants. | 3:14-cv-00345-WGC<br><br>**ORDER**<br><br>Re: ECF No. 70 |

Before the court is Defendants' Motion in Limine to Exclude Evidence of and Testimony Concerning Plaintiff's Financial Condition. (ECF Nos. 70, 74.)[1] Plaintiff filed a response. (ECF No. 88.) Pursuant to Local Rule 16-3(b), no reply was permitted. Under Local Rule 78-2, the court deems this matter appropriate for decision without a hearing.

Plaintiff alleges that his poor financial condition was one factor that left him vulnerable to alleged undue influence. Defendants contend that Plaintiff did not produce any financial documentation to establish he was in fact financially destitute during discovery. At his deposition, he was unable to testify about the amount of money he had available to him at any point in time surrounding the execution of the settlement. As a result, Defendants maintain that this evidence must be excluded at trial.

In response, Plaintiff asserts that Defendants know that Plaintiff did not have a bank account because they sent him money through Western Union. (ECF No. 88 at 3.) In addition, he contends that his brother acknowledged Plaintiff was destitute in a letter dated January 29, 2008, and in 2011 Plaintiff told his brother that he had brain tumor and his brother told him to go to

---

[1] Refers to court's Electronic Case Filing number.

welfare for treatment. (*Id.*) Plaintiff then points to Defendants' acknowledgement that Ms. Linde testified in deposition regarding Plaintiff's financial condition and his source of income. (*Id.* at 3-4.) He also argues Ms. Linde confirmed Plaintiff had no job and had been disabled since 1997, he had no medical or disability insurance coverage, was homeless, had no car, paid cash for doctors and medications and had fluctuating income after 2011. (*Id.* at 4.) Plaintiff also contends that Defendants actually elicited extensive testimony from Plaintiff about his financial condition, which informed Defendants that Plaintiff's sole source of income from the Maritime trust, which went as low as $833 the first month, and fluctuated, that he was "hand-to-mouth," sleeping on someone's floor and eating out of their garbage, and that he could not work. (*Id.*)

Defendants' motion (ECF No. 70) is **GRANTED IN PART AND DENIED IN PART**. Since Plaintiff did not produce any documents regarding his financial condition during discovery, no documents concerning Plaintiff's financial condition will be permitted to be introduced at trial. Plaintiff will be permitted to testify on this topic. If his testimony is inconsistent with his deposition testimony, Defendants are permitted to use his testimony for impeachment purposes. In addition, either party may question Ms. Linde regarding her knowledge of Plaintiff's financial condition.

**IT IS SO ORDERED**.

DATED: September 17, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE