1

2

3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6   JOHN BRYANT LAWSON,                        3:14-cv-00345-WGC

7                              Plaintiff,      **ORDER**

8        v.                                    Re: ECF No. 71

9   WILLIAM M LAWSON, JR., SHARON
    ONDREYCO, M.D.,  individually and in their
10  capacities as Trustees of the William M. Lawson
    Irrevocable Trust dated December 17, 1997, and
11  DOES 1 to 5, inclusive,

12                             Defendants.

13

14        Before the court is Defendants' Motion in Limine to Exclude Evidence of Plaintiff's

15  Medical Conditions. (ECF Nos. 71, 75.)[1] Plaintiff filed a response. (ECF No. 89.) Pursuant to

16  Local Rule 16-3(b), no reply was permitted. Under Local Rule 78-2, the court deems this matter

17  appropriate for decision without a hearing.

18        In connection with his rescission claim, Plaintiff alleges that he suffered from medical

19  conditions which left him vulnerable to undue influence by Defendants. (ECF No. 25 ¶¶ 4, 44.)

20        Defendants seek an order precluding the introduction of evidence concerning Plaintiff's

21  medical conditions, medications, and/or the impact of such conditions or medications on his

22  ability to freely and voluntarily enter into the 2013 settlement agreement at issue in his rescission

23  claim. (ECF No. 71.)

24        First, Defendants contend that expert testimony is required to establish that his medical

25  conditions and/or medications in 2013 impaired his understanding, memory, attention and

26  cognition, restricting his ability to freely and voluntarily execute a settlement agreement. (ECF

27  No. 71 at 3.) Second, they argue that Plaintiff may not testify as to his own mental condition, or

28
    _____

        [1] Refers to court's Electronic Case Filing number.

1   as to the existence or treatment of physical illnesses. (*Id.*, citing *Frisone v. United States*, 270

2   F.2d 401, 403 (9th Cir. 1959); *Layton v. Yankee Caithness Joint Venture, L.P.*, 774 F.Supp. 576,

3   580 (D. Nev. 1991); *Ramona v. Superior Court*, 57 Cal.App.4th 107, 121 (1997)). Third, they

4   assert that Plaintiff did not disclose any other witness who could competently testify as to the

5   impact of his medical conditions on his ability to execute a settlement agreement. Finally,

6   Defendants state, without elaboration, that any such evidence would be inadmissible hearsay that

7   would unduly prejudice Defendants.

8        In response, Plaintiff reiterates his allegations that as a result of sustaining multiple

9   injuries he was left disabled and with pain requiring treatment with high levels of narcotic pain

10   relievers. He notes that defendant Dr. Sharon Ondreyco is a licensed practicing oncologist in

11   Arizona. He claims that beginning in the mid-2000s he informed the Defendants repeatedly of

12   his need for dental and medical funds for treatment of dental problems, pain management, and

13   for a diagnosed tumor. He argues that Defendants employed economic duress and coercion to get

14   him to enter into the settlement agreement, while he had no financial ability to continue the

15   litigation while his own medical and dental needs went unmet. Plaintiff asserts that evidence of

16   his medical condition, medications and his state of mind at the time he considered entering into

17   the settlement agreement are highly relevant and come within the factors that the court must

18   consider in determining his rescission claim under California law.

19        Plaintiff maintains that evidence of his medical conditions, medications or the impact of

20   those things on his ability to freely and voluntarily enter into the settlement agreement do not

21   require expert testimony. He argues that Defendants reliance on *Frisone* is misplaced as that case

22   concerned causation, i.e., whether a lay witness could give opinions as to the medical cause of

23   the plaintiff's claimed medical condition, and under those circumstances, only expert testimony

24   is allowed. The issue here, on the other hand, is whether a lay witness such as Plaintiff or

25   Ms. Linde can testify regarding how Plaintiff's condition presented itself as to symptomology,

26   how it affected his ability to function, and how Plaintiff experienced his condition. Plaintiff

27   states that he does not intend to testify as to what caused his medical condition, but lay witnesses

28   may testify to their personal knowledge of Plaintiff's symptomology, how his conditions affected

his ability to function, his emotional state and his emotional stability, which will include discussions of his physical state of being, his brain tumor, dental needs and the use of narcotic pain relievers.

Insofar as Plaintiff argues that Plaintiff did not disclose a lay witness to testify on this subject, Plaintiff asserts that both Plaintiff and Ms. Linde were identified as witnesses who would testify as to the relevant facts of the complaint and both were deposed as to Plaintiff's medical condition. He attaches excerpts of his deposition in support of his position.

Defendants rely on *Frisone* to support their contention that all evidence of Plaintiff's medical condition and medications should be excluded at trial. In that case, the defendant was prosecuted for perjury related to testimony given in a prior trial and asserted as a defense that he had an impaired memory and did not intend to testify falsely. *Frisone v. U.S.*, 270 F.2d 401, 402 (9th Cir. 1959). The defendant took the stand and testified about his failing memory. *Id.* When he was re-called by his own counsel, he was asked if he suffered from mental illness in the past, and the government's attorney objected. *Id.* The defense attorney tried to make an offer of proof to show a failure of Plaintiff's memory, but the trial judge concluded that was not a proper defense. *Id.* The Ninth Circuit stated that the reason for this line of questioning was clearly to corroborate the defendant's testimony regarding his faulty memory. *Id.* The Ninth Circuit concluded Plaintiff was not competent to so testify:

> [A]n offer of proof that appellant was treated in the Marine Corps could not of itself qualify appellant to testify that the mental condition for which he was treated in the Marine Corps, if such treatment were given, resulted in loss of memory. Such testimony could only be given by experts.

*Id.* "As a general rule, a witness may not testify to his own mental condition, past or present." *Id.* at 403 (citations omitted). The Ninth Circuit determined that the purpose of defense counsel's question was "to establish that the mental illness from which appellant was said to suffer was of such a serious nature that it resulted in a permanent impairment of his memory. Such testimony by appellant was inadmissible as being hearsay or opinion evidence." *Id.* (citation omitted). Lay witnesses have also "been held incompetent to testify as to the existence or treatment of physical illnesses[,]" but "lay witnesses have been allowed to testify as to common illnesses the existence or treatment of which can be termed a 'fact' within the common knowledge of lay persons[.]" *Id.*

1   (citations omitted). With respect to mental conditions, lay witnesses have also been permitted to

2   testify that they are nervous, worried, or had an anxious state of mind. *Id*. (citation omitted). In

3   fact, in *Frisone*, the defendant was permitted to testify "as to his faulty recollection and poor

4   memory," but he could not testify as to "the existence or treatment of a mental illness serious

5   enough to cause permanent memory impairment." *Id*.

6        The take-away from *Frisone* is that the Plaintiff may testify about his mental state and his

7   physical condition, but he may not testify as to causation and cannot express medical diagnoses.

8   Plaintiff cannot testify that any condition from which he suffered *caused* him to be unable to

9   freely and voluntarily enter into a settlement agreement. He can only testify as to how he felt

10  physically and emotionally around the time he contemplated entering into the settlement

11  agreement, but as a lay witness he cannot express a medical diagnosis or causation unless it is

12  within the usual and ordinary experience of a lay person. Similarly, Ms. Linde may testify as to

13  what she observed with respect to Plaintiff's physical and mental condition, but she also may not

14  express a medical diagnosis or opinions on causation.

15       This is consistent with Federal Rule of Evidence 701 which provides:

16       If a witness is not testifying as an expert, testimony in the form of an opinion is
    limited to one that is: (a) rationally based on the witness's perception; (b) helpful

17       to clearly understanding the witness's testimony or determining a fact in issue;
    and (c) not based on scientific, technical, or other specialized knowledge within

18       the scope of Rule 702.

19  Fed. R. Evid. 701.

20       Insofar as Defendants argue that they will be prejudiced if this evidence is permitted at

21  trial, the record reflects that Defendants were allowed to explore both Plaintiff's and Ms. Linde's

22  testimony on this subject. In deposition, Mr. Digesti asked Plaintiff what medications he was

23  taking during the California lawsuit, and he responded Norco and Soma and a high blood

24  pressure medication. (ECF No. 89-1 at 15-16.) He also discussed when he took the medications.

25  (*Id*. at 16.) He was also asked about medical and disability issues he had during the California

26  lawsuit, which Plaintiff discussed. (*Id*. at 16-17.) There was a discussion about mental or

27  physical conditions that affected his ability to enter into the settlement agreement. (*Id*. at 18.)

28

- 4 -

1   Ms. Linde was also specifically asked about mental and physical problems she observed Plaintiff

2   as having during the time the California petition was pending. (ECF No. 89-2.)

3          Therefore, Defendants' motion in limine to exclude any evidence regarding Plaintiff's

4   medical conditions (ECF No. 71) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff

5   may not present lay witness testimony regarding medical diagnoses or causation, but Plaintiff

6   may present lay witness testimony regarding factual matters and opinions within the personal

7   knowledge of the witness concerning Plaintiff's medical condition.

8   **IT IS SO ORDERED.**

9   DATED: September 17, 2015.

10                                                                WILLIAM G. COBB
                                                                  UNITED STATES MAGISTRATE JUDGE