UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BRYANT LAWSON,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>WILLIAM M LAWSON, JR., SHARON ONDREYCO, M.D., individually and in their capacities as Trustees of the William M. Lawson Irrevocable Trust dated December 17, 1997, and DOES 1 to 5, inclusive,<br><br>　　　　　　　　　　　　Defendants. | 3:14-cv-00345-WGC<br><br>**ORDER**<br><br>Re: ECF No. 72 |

　　　　Before the court is Defendants' Motion in Limine to Exclude Evidence of Alleged Bad Acts Outside of the Relevant Time Period. (ECF Nos. 72, 76.)[1] Plaintiff filed a response. (ECF No. 87.) Pursuant to Local Rule 16-3(b), no reply was permitted. Under Local Rule 78-2, the court deems this matter appropriate for decision without a hearing.

　　　　Defendants seek an order precluding the introduction of evidence pertaining to "alleged acts of Defendants prior to March 2013 or after July 2013." Defendants argue: (1) Plaintiff's February 26, 2015 interrogatory response states that Plaintiff's rescission claim is limited to the time frame of March 2013 through July 2013; (2) at a March 6, 2015, the court confirmed that the operative time period for the rescission claim is March through July 2013; (3) events taking place prior to this time period are irrelevant as to whether Defendants exerted pressure sufficient to overcome Plaintiff's free will at the time he executed the agreement; and (4) Defendants were not allowed to conduct discovery outside of this time frame. (ECF No. 72.)

　　　　First, in addition to referencing the communications with Mr. Beemis and subsequent events, the February 26, 2015 interrogatory response incorporates the facts alleged in the

---

[1] Refers to court's Electronic Case Filing number.

1  amended complaint. The amended complaint contains allegations that detail the history between
2  the parties. (ECF No. 25.) The fourth cause of action for rescission further alleges that
3  Defendants used their positions of control over Plaintiff's trust funds to take unfair advantage of
4  him, that they knew he was emotionally and intellectually vulnerable due to his disabilities,
5  medications, and lack of independent income, and took unfair advantage of his necessities. The
6  interrogatory response also references Mr. Lawson's mental and emotional state, but indicates
7  that the facts relative to his mental and emotional condition were too voluminous to recite.
8  Therefore, the interrogatory response does not limit Plaintiff to only those events occurring from
9  March to July of 2013, as Defendants suggest. Defendants were on notice by way of the
10 amended complaint and this interrogatory response that Plaintiff's rescission claim relies in part
11 on the history between the parties as well as his physical and mental state.
12         Second, the court never entered an order specifically limiting discovery relative to the
13 rescission claim to this time period.  On February 19, 2015, the court granted Defendants'
14 motion to bifurcate, and ordered that discovery should be limited to issues pertaining to
15 Plaintiff's rescission claim. (ECF No. 46.) The parties agreed that the only depositions that
16 would be taken were those of Ms. Linde, Plaintiff, and Mr. Beemis. (*Id*. at 2, n. 1.) They later
17 agreed that Mr. Beemis' testimony would be by affidavit/declaration only. At that hearing, Mr.
18 Digesti argued that the rescission claim revolved around the filing of the California petition in
19 March of 2013, and encompassed the time period from the filing of the petition through the
20 execution of the settlement agreement in July of 2013. (Transcript of hearing at ECF No. 47 at
21 18:24-26, 19:1-2.) During the hearing, he argued that the rescission claim should be limited to
22 that time period. (*Id*. at 19:2-7.) In response the court said: "Let's assume it is the four-month
23 time period, without admitting that it is, what witnesses do you need to depose... that would give
24 you facts that you need to oppose plaintiff's motion for partial summary judgment." (*Id*. at 19:8-
25 12.) The court granted the motion to bifurcate, but did not so limit discovery to the four-month
26 period of time advocated by Mr. Digesti.
27         In a March 6, 2015 hearing, Mr. Digesti again expressed his opinion that Plaintiff's
28 rescission claim is limited to the time period when the California petition was in existence. This

- 2 -

1  statement was made in connection with his argument that he should be able to discover
2  information about Plaintiff's financial status, and in particular, Plaintiff's fee arrangement with
3  his lawyer at that time, to rebut the allegation that Plaintiff did not have an independent income
4  source. (ECF No. 58 at 18:13-26.) In that hearing, the court did not enter any order limiting
5  discovery to that four-month window. Instead, the court advised Mr. Digesti that he and
6  Ms. Linde should meet and confer regarding the discovery of the fee arrangement. (*Id*. at 19:1-
7  5.)
8     It was in the context of the discussion regarding whether Defendants should be allowed to
9  discover information regarding the fee arrangement between Ms. Linde and her client that
10 Ms. Linde argued that an inquiry into what money Plaintiff received was not relevant.
11 Specifically, she stated: "So I think to try to inquire entirely into whatever he did with whatever
12 money he got on a monthly basis during the rescission claim -- I mean, during the rescission
13 period that Mr. Digesti likes to limit from April to July of 2013, is not appropriate." (*Id*. at 21:18-
14 25, 22:1.) To this the court responded: "Well, I don't think Mr. Digesti's the only one that's
15 thinking it should be limited to that time period. It seems to me that that is the relevant time
16 period. But I also can see how conceivably the defendant could argue that their -- coercion
17 element was ameliorated by the fact that he had other income to utilize for certain factors and,
18 therefore, he really wasn't coerced. I'm not saying that's determinative. I'm saying I think it's
19 discoverable." (*Id*. at 2:2-11.) The court went on to state: "Well, I don't know that this issue is
20 necessarily before me right now. It would seem that the area of inquiry I think could -- on the fee
21 agreement...if he's been able to make those payments, may have some bearing in some fashion.
22 So what I'm saying is that you probably ask those questions. If you get an objection we'll
23 probably have to consider it." (*Id*. at 22:22-25, 23:1-2.)
24    Thus, the court did not make a definitive ruling that discovery on the rescission case is
25 limited to the March to July of 2013 time frame, as Defendants now imply. The court made this
26 statement in the context of a specific argument being advanced, advised the parties that it thought
27 the area of inquiry discussed was likely discoverable, and tempered this with the statement that
28 the issue was not even before the court.

While Ms. Linde may have responded to questions asked in deposition with an objection and instructions not to answer on the basis that discovery was limited to this time period, this was not in fact accurate. Defendants' remedy was to file a motion to compel further testimony. They did not do so. Moreover, none of the deposition testimony provided by Defendants indicates that they tried to ask any questions about prior dealings with the Defendants. Instead, the questions highlighted by the defense are related to Plaintiff's financial condition, which is the subject of a separate motion in limine. Defendants have not shown that they were otherwise precluded by Plaintiff or his counsel in asking questions about the interaction between the parties for the years preceding the filing of the California petition and subsequent settlement agreement. Insofar as the court can tell, this area of inquiry was open to Defendants, but they did not explore it.

Third, Plaintiff's state of mind when he executed the agreement is unquestionably relevant. His prior dealings with Defendants would undoubtedly have a bearing on what his state of mind was at that time and are therefore relevant as well.

Finally, the court agrees with Plaintiff that Defendants' request to exclude any testimony or other evidence *as to alleged conduct of Defendants* occurring prior to March 2013 or after July 2013 is so broad that the court, even if warranted, could not fashion an appropriate instruction based on this request.

For these reasons, Defendants' motion in limine to exclude evidence of alleged bad acts outside of the March to July 2013 time period (ECF No. 72) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 17, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE