UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN BRYANT LAWSON,<br><br>                              Plaintiff,<br><br>  v.<br><br>WILLIAM M LAWSON, JR., SHARON ONDREYCO, M.D., individually and in their capacities as Trustees of the William M. Lawson Irrevocable Trust dated December 17, 1997, and DOES 1 to 5, inclusive,<br><br>                              Defendants. | 3:14-cv-00345-WGC<br><br>**ORDER**<br><br>Re: ECF No. 73 |

Before the court is Defendants' Motion in Limine to Preclude Plaintiff's Communications with Mary Linde. (ECF Nos. 73, 77.)[1] Plaintiff filed a response. (ECF No. 90.) Pursuant to Local Rule 16-3(b), no reply was permitted. Under Local Rule 78-2, the court deems this matter appropriate for decision without a hearing.

Defendants seek an order precluding evidence pertaining to communications between Plaintiff and his former attorney of record, Ms. Mary Marsh Linde, on the basis that the court previously precluded discovery into such communications, and the introduction of such communications at trial would unfairly prejudice Defendants.

In his opposition, Plaintiff asserts that Defendants' motion is overbroad, arguing that Defendants were not precluded from conducting any discovery into such communications, but only those cited in their motion. (ECF No. 90 at 3-4.) He maintains it is only "Ms. Linde's attorney-work-product-protected *advice*, and her attorney-client communication of that *advice* to Plaintiff that were precluded." (*Id*. at 4.)

---

[1] Refers to court's Electronic Case Filing number.

1    This motion stems from a ruling the court made relative to a motion to compel filed by
2 Defendants on March 5, 2015, on a topic the court raised from the beginning of its involvement
3 in this case: the discoverability of confidential communications between Plaintiff and his counsel
4 at the time the California petition was filed and his former attorney of record in this matter,
5 Ms. Linde. (ECF No. 50.) This is because as early as February 2015, Ms. Linde was identified by
6 both sides as a percipient witness in this case. (*See* ECF No. 46 at 1-2; ECF No. 47 at 5-6, 19-
7 20.) The court tried to confront the issue in advance, but the parties were unable to come up with
8 an agreement to resolve the issue of privilege before Ms. Linde's deposition, so the parties
9 agreed to go forward with the deposition and wait to see whether an objection was posed. (*See*
10 ECF No. 47 at 31.) At that point, the court advised the parties to further meet and confer on the
11 topic prior to the deposition. (*Id*. at 31-37.)
12    Ms. Linde's deposition went forward on February 27, 2015. (*See* ECF No. 50 at 4:3-4.)
13 Given the allegations of Plaintiff's rescission claim, Defendants' counsel predictably asked
14 Ms. Linde about the advice she gave her client concerning entering into the settlement agreement
15 on the California petition. (*See* ECF No. 50-1, Linde depo. transcript at 112:22-24.) Ms. Linde
16 objected on attorney-client privilege grounds and refused to answer. (*Id*. at 112:25, 113:1-7.) The
17 parties contacted the court to try to resolve the dispute, but the court reserved ruling on the issue
18 of whether the attorney-client privilege had been waived until the parties had fully briefed the
19 matter. (*See id*. at 113:8-15, 114-116.) Instead of citing to the court each and every question that
20 potentially implicates the privilege, the court suggested that defense counsel put a brief statement
21 on the record as to why he believed Defendants should be able to explore Ms. Linde's
22 communications with her client about the nature of the settlement of the California petition, and
23 to in order to expedite the process identify a category of questions to which Ms. Linde would
24 object so that all of the questions need not be asked and objected to. (*See id*. at 117-118.) The
25 parties agreed to this suggestion. (*Id*. at 118:21-23.) Ms. Linde set forth her position that the
26 advice she gave her client and all communications between the two of them are privileged, and
27 that there was no waiver. (*Id*. at 118:24-25, 119:1.) The court advised that this suggested
28

1  procedure did not result in Mr. Digesti's waiver of his right to ask additional questions that might
2  implicate the attorney-client privilege. (*Id*. at 120:2-16.)
3  　　　On March 5, 2015, Defendants filed their motion to compel deposition answers, arguing
4  that Plaintiff impliedly waived the attorney-client privileges for communications surrounding the
5  settlement of the California petition because he placed those communications at issue in filing
6  this lawsuit to rescind the settlement agreement. (ECF No. 50.) Defendants sought an order
7  compelling Ms. Linde and Plaintiff to answer the limited questions surrounding the advice she
8  gave Plaintiff on the settlement of the California petition and Plaintiff's responses from the date
9  the petition was filed in March of 2013 until the date it was dismissed in July of 2013. (ECF No.
10 50 at 5:19-23.)
11 　　　At a hearing on another motion on March 6, 2015, Mr. Digesti raised the issue that he
12 anticipated Plaintiff would similarly fail to answer questions about his communications with
13 Ms. Linde concerning the settlement of the California petition. (ECF No. 58 at 7:14-17.) The
14 court advised it would not be able to get a ruling out on the motion to compel relative to
15 Ms. Linde's deposition before Plaintiff's deposition was scheduled to take place and advised
16 Mr. Digesti to ask the questions and preserve the dispute. (*Id*. at 7:23-25, 8:1-7.) The court
17 further stated that the parties would have the same understanding as was discussed in the
18 conference with the court during Ms. Linde's deposition-that Mr. Digesti need not ask every
19 question that might elicit a privileged response. (*Id*. at 8:24-25. 9:1-6.)
20 　　　The court held a hearing on the motion on May 8, 2015. (*See* ECF No. 63, transcript at
21 ECF No. 64.) After hearing extensive argument from counsel, the court denied Defendants'
22 motion. (ECF No. 64 at 37-38.) The court highlighted that the California Supreme Court has
23 described the privilege as "fundamental to the free and open exchange of information and advice
24 between lawyers and their clients." (ECF No. 64 at 38:4-10, citing *Mitchell v. Superior Court*,
25 691 P.2d 642, 37 Cal.3d 591, 611 (1984)). The court acknowledged that the communications
26 between Ms. Linde and Plaintiff are relevant to Plaintiff's rescission claim and that the privilege
27 may shield the other side from discovering relevant information, but that concern is outweighed
28 by the importance of preserving confidentiality in the attorney-client relationship. (*Id*. at 39, 41.)

In addition, the court, relying on California law, found there is no waiver of the privilege if there are other methods of obtaining the evidence. (*Id*. at 39-43.) Moreover, "if the plaintiff will attempt to prove a claim without reference to confidential communications, then there's been no at-issue waiver." (*Id*. at 40.) The court concluded that after taking the position he did on the motion to compel, Plaintiff would not be allowed to prove his case relying on confidential communications. (*Id*. at 40:9-16.) The court ultimately ruled that "[c]onfidential communications are thereby shielded from discovery." (*Id*. at 44:5-7.)

First, the court points out that the court's ruling on the motion was not as narrow as Plaintiff suggests. The ruling expressly states: "Confidential communications are thereby shielded from discovery." That the court anticipated this ruling would apply to not only Ms. Linde's testimony, but also Plaintiff's testimony is clear from the comments the court made during the conference in Ms. Linde's deposition and at the March 6, 2015 hearing that Mr. Digesti need not ask every single question that might implicate the privilege in both depositions.

Next, Defendants are correct that in ruling on Defendants' motion to compel on this issue, the court cautioned Plaintiff and his counsel that Plaintiff would not be allowed to prove his case utilizing confidential communications between himself and Ms. Linde. (*See* Doc. # 77-1 at 3, transcript at p.40:9-16.) Plaintiff may not elicit evidence at trial that implicates confidential communications between him and Ms. Linde. Nevertheless, it is true, and should go without saying, that communications that are not confidential or to which Plaintiff expressly waived the privilege were discoverable and may be introduced at trial. For example, those communications, that *were* disclosed in deposition by Plaintiff or Ms. Linde, that may have been deemed confidential at one point, may be elicited at trial because any confidentiality was waived when the matter was disclosed in deposition.

Therefore, Defendants' motion in limine to preclude the introduction of evidence concerning confidential communications between Plaintiff and Ms. Linde is **GRANTED IN PART AND DENIED IN PART.** Plaintiff may not introduce evidence at trial that consists of the confidential communications between Plaintiff and Ms. Linde, except that he may elicit

evidence at trial concerning communications that were not confidential or for which the attorney-client privilege was waived.

**IT IS SO ORDERED.**

DATED: September 17, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE