1

2

3

4                        UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6   JOHN BRYANT LAWSON,                        Case No. 3:14-cv-00345-WGC

7                              Plaintiff,       **ORDER**

8        v.                                     Re: ECF Nos. 109, 111

9   WILLIAM M. LAWSON, JR., SHARON
    ONDREYCO, M.D., individually, and in their
10  capacities as Trustees of the William M. Lawson
    Irrevocable Trust dated December 17, 1997, and
11  DOES 1 to 5, inclusive,

12                             Defendants.

13

14        Before the court is Defendants' Motion for Attorneys' Fees and Costs (Electronic Case

15   Filing (ECF) Nos. 109, 110) and Bill of Costs. (ECF No. 111.) Plaintiff has filed a response to

16   the motion for fees (ECF No. 118), and an objection to the bill of costs (ECF No. 112).

17   Defendants filed a reply in support of their motion for fees (ECF No. 119), and in support of

18   their bill of costs (ECF No. 113.) On March 3, 2016, the court entered an order directing

19   Defendants to supplement their motion for fees with billing records supporting the request for

20   fees incurred in litigating the fees issue (ECF No. 123), and they did so on March 9, 2016

21   (ECF No. 124). Plaintiff filed a response to the supplement on March 15, 2016. (ECF No. 125.)

22   After a thorough review, Defendants' motion for fees is granted in part and denied in part, and

23   Defendants are awarded costs consistent with this Order.

24                              **I. BACKGROUND**

25        On July 2, 2014, Plaintiff filed this action seeking, *inter alia*, to rescind a settlement

26   agreement he entered into with Defendants to resolve a petition he filed in the Los Angeles

27   Superior Court concerning a trust to which he was a beneficiary. (ECF No. 1.) The corrected

28   amended complaint in this action was filed on December 17, 2014. (ECF No. 25.) The amended

complaint asserted the following claims: (1) Financial Abuse of Dependent Adult; (2) Intentional Infliction of Emotional Distress; (3) Breach of Fiduciary Duty; (4) Rescission of Settlement Agreement; and (5) Constructive Fraud. (*Id.*)

The parties subsequently consented to the undersigned handling this matter for all purposes. (ECF No. 36.) On February 19, 2015, the court ordered the action bifurcated to proceed first with the threshold claim of rescission of the settlement agreement. (ECF No. 46.) The court conducted a bench trial on the rescission claim on September 28 and 29, 2015. (*See* ECF Nos. 103-105.) On October 20, the court issued its findings of fact and conclusions of law. (ECF No. 107.) The court concluded that Plaintiff was not entitled to rescind the settlement agreement he entered into with Defendants, and as a result, his remaining claims also fail. (*Id.*) Judgment was entered in favor of Defendants as to all claims in this action on October 21, 2015. (ECF No. 108.)

On November 4, 2015, Defendants filed the instant Motion for Attorneys' Fees and Costs as well as their Bill of Costs. (ECF Nos. 109, 110, 111.) Defendants point out that the settlement agreement entered into by the parties resolving the Los Angeles petition provides that in any subsequent action concerning the enforceability of the agreement, the prevailing party is entitled to actual attorneys' fees and costs incurred. Pursuant to this provision and applicable California law, Defendants seek to recover $226,942 in attorneys' fees and $14,132.04 in costs incurred in litigating the instant action, as well as $15,032.00 incurred in litigating the fee issue.

Plaintiff does not dispute that Defendants were the prevailing party or that they are entitled to recover fees and costs under the terms of the settlement agreement, but instead argues that the amount of fees sought are unreasonable, duplicative and excessive, and that certain of the costs are not recoverable.

## II. DISCUSSION

### A. Attorneys' Fees

#### 1. Legal Standard

In this case, jurisdiction is predicated upon 28 U.S.C. § 1332(a)(1). When a case invokes diversity jurisdiction, as it does here, the court is to apply state substantive law to determine

whether a party is entitled to attorney's fees. *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) (citation omitted) ("An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."). The parties agree that California law governs this action; therefore, the court will apply California substantive law as to the award of attorneys' fees.

The settlement agreement entered into the parties to resolve the Los Angeles petition contains the following provision:

> In the event that an action to enforce or to prevent the breach of the terms of this Agreement shall be brought by any party hereto for any judicial remedy, then the prevailing party shall be entitled to recover from the other party in addition to such other relief as may be granted, his or her actual attorney's fees, costs and expenses incurred in the pursuit of such action.

(ECF No. 110-1 at 6-7, ¶ 17.)

The California Civil Code provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
> ...
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.

Cal. Civ. Code 1717(a); *see also Gray1 CPB, LLC v. SCC Acquisitions, Inc.*, 233 Cal.App.4th 882, 889-90, 182 Cal.Rptr.3d 654, 659-660 (Cal. Ct. App. 2015) ("[A] contract may contain a provision providing for attorney fees in enforcing the contract. Where a contract contains such a provision, the court must fix reasonable attorney fees as an element of the costs of the lawsuit.").

Here, the court bifurcated this proceeding so that the initial issue (and ultimately the only issue) was Plaintiff's claim for rescission of the settlement agreement. As a result, the court concludes, and the parties do not dispute, that this action qualifies as an "action on a contract" under California Civil Code § 1717(a). There is also no dispute that Defendants are the prevailing party in this action. Therefore, they are entitled to an award of reasonable attorneys' fees.

The court has discretion to determine what constitutes a reasonable fee. *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1096, 95 Cal.Rptr.2d 198, 997 P.2d 511, 519 (Cal. 2000) (citation omitted). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Center for Biological Diversity v. Cnty. of San Bernardino*, 188 Cal.App.4th 603, 616, 115 Cal.Rptr.3d 762, 772-73 (Cal. Ct. App. 2010) (citation and internal quotation marks omitted). "'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.'" *Center for Biological Diversity,* 188 Cal.App.4th at 616 (quoting *PLCM,* 22 Cal.4th at 1095). "Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." *Id.* (internal citation and quotation marks omitted). After determining the lodestar calculation, courts may adjust that amount based on various factors, including: "the novelty and difficulty of the issues, the attorneys' skill in presenting the issues, the extent to which the case precluded the attorneys from accepting other work, and the contingent nature of the work." *Id.* (citation omitted). "The burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." *Id.* at 614.

**2. Analysis**

Plaintiff does not dispute that Defendants are entitled to recover attorneys' fees under California law as a result of the prevailing party provision contained in the settlement agreement. Plaintiff does, however, contest the reasonableness of the fees sought, and each of those arguments will be addressed in turn.

In general, a court determining the number of hours reasonably expended on a case "must carefully review attorney documentation of hours expended[.]" *Ketchum v. Moses*, 24 Cal.4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (Cal. 2001) (citation omitted). The court must exclude hours that "were not reasonably expended in pursuit of successful claims," *Harman v. City & County of San Francisco*, 158 Cal.App.4th 407, 417, 69 Cal.Rptr.3d 750 (Cal. Ct. App. 2007), "[a]ttorney time spent on services which produce no tangible benefit for the client," *Meister v. Regents of Univ. of Calif.*, 67 Cal.App.4th 637, 652, 79 Cal.Rptr.2d 234 (Cal. Ct. App.

1    1998), *abrogated on other grounds by Lueter v. State of California,* 94 Cal.App.4th 1285, 115

2    Cal.Rptr.2d 68 (Cal. Ct. App. 2002), or any otherwise "duplicative or excessive" hours,

3    *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 161, 50 Cal.Rptr.3d 273 (Cal. Ct.

4    App. 2006).

5         Here, Defendants have included the declaration of Ann Morgan, Esq., the partner of the

6    law firm Fennemore Craig P.C., retained to represent Defendants, who supervised this action for

7    the defense, along with records of the hours billed, the nature of the services rendered, and the

8    hourly rate of each attorney in support of the request for fees.

9                              **a. Overall Reasonableness**

10        Plaintiff generally argues that it is unreasonable for Defendants to recover $226,942 in

11   fees for a case that involved a two-day bench trial. Defendants counter that this case entailed

12   much more than defending a two-day bench trial, and instead involved fifteen months of

13   litigation with significant motion practice. (ECF No. 119 at 2.)

14        The fact that this action ultimately required only a two-day bench trial on Plaintiff's

15   rescission claim does not discount the extensive effort that went into preparing the case for trial.

16   Plaintiff's argument ignores that the action commenced with many claims, which involved an

17   analysis of the interplay between state and federal law, and then an analysis of many facets of

18   California law. Plaintiff's argument similarly overlooks the considerable motion practice that

19   occurred prior to the trial and extensive pre-trial briefing and preparation that was undertaken,

20   including: a motion to dismiss (ECF No. 5) which was eventually granted giving Plaintiff leave

21   to amend (ECF No. 22); a motion to stay discovery (ECF No. 14); a motion to bifurcate the

22   proceedings (ECF No. 30); a partial motion for summary judgment filed by Plaintiff (ECF No.

23   38) that was ultimately withdrawn; an emergency motion for protective order filed by Plaintiff

24   (ECF No. 48); a motion to compel deposition answers related to the involvement of Plaintiff's

25   then-counsel, Ms. Mary Linde, in the underlying dispute (Ms. Linde ultimately withdrew as

26   counsel from this action) (ECF Nos. 50); numerous motions in limine (ECF Nos. 70-77); a

27   proposed pretrial order (ECF No. 78); proposed findings of fact and conclusions of law (ECF

28

1    Nos. 79, 82); trial briefs (ECF Nos. 80, 81); a motion to strike supplemental disclosures (ECF

2    No. 96-99); and an extensive proposed exhibit list (ECF No. 100).

3         In sum, the court does not find the fact that this action culminated in a two-day bench

4    trial to be a basis for reducing the amount of fees awarded to Defendants.

5                              **b. Hourly Rates**

6         Next, Plaintiff contends that the fees charged by Fennemore Craigh, P.C.'s associate

7    attorneys Mr. Matthew Digesti (391.50 hours at $275 per hour) and Ms. Shannon Pierce (170.40

8    hours at $325 per hour) are excessive in light of their experience and qualifications. (*Id*. at 4.) In

9    particular, Plaintiff argues that Defendants did not submit sufficient evidence to support the

10   reasonableness of the rates charged by Mr. Digesti or Ms. Pierce. (*Id*.)

11        Defendants assert that the rates charged by Mr. Digesti and Ms. Pierce are reasonable,

12   based on the declaration of  supervising partner Ann Morgan, and on Mr. Digesti's ten years of

13   experience, and Ms. Pierce's twelve years of experience. (ECF No. 119 at 3-4.)

14        As indicated above, a reasonable hourly rate is determined by looking to prevailing

15   market rates in the relevant community. *PLCM*, 22 Cal.4th at 1095.

16        Declarations of counsel of the party seeking fees can be sufficient to establish the

17   reasonable market rate when the declaration is not opposed or challenged. *See Quinones v. Chase*

18   *Bank USA, N.A.*, No. 09-2748-AJB BGS, 2011 WL 6325880, at *3 (S.D. Cal., Dec. 16, 2011)

19   (citing *MBNA Am. Bank, N.A. v. Gorman*, 54 Cal.Rptr.3d 724, 147 Cal.App.4th Supp. 1, 13

20   (2006)) ("The moving party satisfies its burden through its own affidavits and no additional

21   evidence is needed.").

22        Defendants provided the declaration of Ms. Morgan, which details the qualifications of

23   Mr. Digesti and Ms. Pierce, and states that their rates are reasonable and in line with those

24   charged in the community. Mr. Digesti has ten years of experience and billed an hourly rate of

25   $275. (ECF No. 110 ¶ 6.) Mr. Digesti spent 391.50 hours on this case, for a total of $103,015.00.

26   (ECF No. 110 ¶ 16; ECF No. 110-2.) Ms. Pierce, took over after Mr. Digesti's departure from

27   the firm, and has twelve years of experience. (ECF No. 110 ¶ 7.) She billed at an hourly rate of

28   $325. (*Id*.) Ms. Pierce served as lead trial counsel, and spent 170.40 hours on this case, for a total

of $55,380. (ECF No. 110 ¶ 16; ECF No. 110-2.) Ms. Morgan also utilized the services of first year associate A.J. Hames for research purposes, at an hourly rate of $235. (ECF No. 110 ¶ 8.) Mr. Hames spent 46.20 hours on this case, for a total of $10,876.00. (ECF No. 110 ¶ 16; ECF No. 110-2.) Paralegal Ann Cook also assisted with this case, and was billed out an hourly rate of $165 to $175. (ECF No. 110 ¶ 9.) She spent 91.90 hours on this case, for a total of $15,541.50. (ECF No. 110 ¶ 16; ECF No. 110-2.)

According to Ms. Morgan, the hourly rates charged by all attorneys and the paralegal utilized on this case are at or below the hourly rates prevailing in Reno for those with similar qualifications and experience performing similar work. (ECF No. 110 ¶ 11.)

While Plaintiff generally complains that the rates charged by Mr. Digesti and Ms. Pierce are inflated, Plaintiff provides no evidence to contradict Ms. Morgan's statement that their rates are in line with prevailing rates in the community and are reasonable. Plaintiff merely asserts that Ms. Pierce's rate of $325 per hour is excessive since she was admitted to practice in Nevada in 2011; however, this ignores that Ms. Pierce has been admitted to practice in California since 2003, giving her over twelve years of experience.

In sum, based on Ms. Morgan's declaration concerning the experience of Mr. Digesti and Ms. Pierce, and her statement that the rates are in line with prevailing rates in community, the court finds the rates charged to be reasonable.

### c. Detail of Billing Entries

Plaintiff argues that many of the time records lack sufficient detail to allow the court to determine whether the time expended was reasonably necessary.

The court has reviewed the entirety of the Fennemore Craig, P.C. billing records submitted, and finds that the descriptions of tasks performed are adequate to allow the court to review the reasonableness of the billing entries. There is one exception to this finding: on August 7, 2014, Mr. Digesti billed 4.8 hours for a "[c]onference with Ann Morgan on strategy for arguments in said motion (a motion to stay discovery pending disposition of Defendants' motion to dismiss)." (ECF No. 110-1 at 3.) The court finds the general description of a conference on strategy for a motion to stay discovery is too vague to justify awarding 4.8 hours

of fees. Instead, the court concludes that 1.5 hours is a reasonable amount of time for a conference to discuss motion strategy, and will reduce Defendants' requested fees by 3.3 hours or $907.50 (3.3 hours multiplied by Mr. Digesti's $275 hourly rate).

### d. Research

Next, Plaintiff contends that the billing entries for research are excessive as the billing records include 142.6 hours spent on research, for a total of $27,587.50. (ECF No. 118 at 2-3.) In particular, Plaintiff takes issue with time spent by attorneys familiarizing themselves with the Federal Rules of Civil Procedure and Local Rules. (*Id*. at 3.)

Defendants assert that the time spent on research is reasonable. They point out that this case required significant legal analysis, including determining which state's laws applied, and then examining the interplay between California tort, trust, contract and common law. (ECF No. 119 at 5-6.) They assert that they were also required to research ethical duties as Plaintiff's original counsel did not withdraw until two weeks before trial. (*Id*. at 6.)

The court has reviewed the billing entries, and concludes that by and large, the time spent on research is reasonable. There court finds one exception—a July 17, 2014 billing entry by Mr. Digesti:

> Analyze federal case law, including primarily ninth circuit case law re: rules governing FRCP 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. FRCP 56 if Court converts 12(b)(6) motion to one for summary judgment because the settlement and release agreement will be discussed, and exceptions which may allow the court to consider the settlement and release agreement in the motion to dismiss context only.

(ECF No. 110-2 at 2.) Mr. Digesti spent 3.7 hours on this task. The court finds 3.7 hours researching this topic to be excessive, and that 1.5 hours is a reasonable amount of time to complete this research. Therefore, the amount of fees requested by Defendants will be reduced by $605 (2.2 hours multiplied by Mr. Digesti's $275 hourly rate).

### e. Fees for Reviewing "Simple Documents"

Plaintiff then asserts that the fees sought for reviewing simple documents are unreasonable, arguing that fees for tasks such as reviewing emails, client files, letters, and a discovery plan and scheduling order are unnecessary. (*Id*.) Defendants assert that all fees and

1    costs sought through the motion were related to the successful defense of this case and were

2    billed to and paid by them. (ECF No. 119 at 7.)

3         The court rejects the notion that Defendants are not permitted to bill reasonable time

4    spent on reviewing emails, client files and letters, and a proposed discovery plan and scheduling

5    order, all of which are essential to defense of the case. After reviewing the billing records, the

6    court concludes that Defendants are entitled to recover all fees associated with these tasks.

7                        **f. Redundancy**

8         Plaintiff also argues that the involvement of three lawyers and two paralegals for the

9    defense resulted in a significant amount of redundancy and over-billing, specifically pointing to

10   inter-office conferences between attorneys. (ECF No. 118 at 4.) Defendants counter that the case

11   was staffed so that Ms. Morgan delegated tasks to more junior attorneys or to a paralegal, as

12   appropriate, and then conferred with them as necessary. (ECF No. 119 at 4-5.) Defendants also

13   assert that in all of the time entries that included intra-firm conferences, numerous other

14   litigation tasks were performed. (*Id*. at 5.)

15        The billing records, along with Ms. Morgan's declaration, reflect that Ms. Morgan served

16   as the supervising partner on this case, delegating the majority of the tasks to Mr. Digesti, and

17   then to Ms. Pierce when she took over upon Mr. Digesti's departure from the firm, with

18   occasional research assignments being given to a first year associate to take advantage of his

19   lower billing rate, and appropriate delegation of tasks to a paralegal. The number of inter-office

20   conferences is minimal when the billing records are viewed as a whole. The court finds the

21   staffing of this matter to be entirely reasonable, and will not reduce the requested fees on this

22   basis.

23                   **g. Fees Associated With this Motion**

24        Finally, Defendants assert that they should be awarded fees and costs associated with

25   preparing the motion for fees, reviewing Plaintiff's opposition, and drafting the reply, in the

26   amount of $15,032.00 (3 hours by Ms. Morgan at a rate of $400 per hour; 10.6 hours by

27   Ms. Pierce at a rate of $325 per hour; and 44.2 hours by Mr. Hames at $235 per hour). (ECF No.

28   119 at 8-9; ECF No. 119-1.) Defendants failed to provide billing records to support this request.

1    The court ordered Defendants to supplement their motion with these records (ECF No. 123), and

2    they did so on March 9, 2016 (ECF No. 124). Plaintiff filed a response to the supplement. (ECF

3    No. 125.)

4        Initially, the court points out that while Defendants' reply brief seeks to recover an

5    additional $15,032 in fees for litigating the fee issue, the records submitted show fees incurred in

6    the amount of $15,984, when fees related to the pending appeal are subtracted.[1]

7        Fees incurred in litigating the award of fees are recoverable. *Serrano v. Unruh*, 32 Cal.3d

8    621, 639, 652 P.2d 985 (Cal. 1982). The court has reviewed the billing records to determine the

9    reasonableness of the time spent in seeking fees, and finds the time spent on the briefing in

10   connection with the motion for attorneys' fees and bill of costs to be somewhat excessive. In

11   particular, the court finds the time spent drafting the motion for attorneys' fees and supporting

12   affidavit and exhibits (approximately 32 hours) is unreasonable.

13       The motion itself is substantively only six pages long, and four of those pages are a re-

14   statement of the facts and history of the litigation. (ECF No. 109 at 2-5.) The legal argument

15   asserted is minimal  (understandably so, as the language of the settlement agreement clearly

16   provides for the recovery of fees). (ECF No. 109 at 5-7.) The motion is supported by the affidavit

17   of Ms. Morgan, providing a description of the supporting exhibits and a brief background of the

18   attorneys involved in litigating this case for the defense; the hours spent by each attorney and

19   their corresponding rates; as well as a summary of the costs requested. (ECF No. 110.) The

20   affidavit also contains a discussion of the factors set forth in Local Rule 54-16(b)(3). (*Id.*)

21       The billing records reveal that on October 22, 2015, Mr. Hames spent 6.2 hours

22   "finalizing" the first draft of the motion, and then spent another 5.5 hours "finalizing" the motion

23   on October 26, 2015.  (ECF No. 124-2 at 3.) The next day, an additional 4.9 hours were spent on

24   "review of deposition transcripts and discovery productions to ensure that the affidavit in support

25   of motion for attorneys' fees is accurate; Review billing records to finalize affidavit; Review jury

26   awards in other cases to determine whether attorneys' fees sought are comparable to those

27

28       [1] This consists of: $6,146 for fees generated October 20, 2015-October 30, 2015; $9,114.50 for fees
     generated November 2, 2015-November 30, 2015; and $723.50 for fees generated December 1, 2015-December 17,
     2015. (ECF No. 124-2.)

awarded in other cases." (*Id*.) On October 30, 2015, Mr. Hames spent 4.5 hours editing the "summary of fees" to be submitted with the motion by comparing it to the invoices sent to the client. (*Id*.) On November 2, 2015, he spent another 2.9 hours "finalizing" the motion, affidavit and exhibits, and the following day 2.6 hours were spent on a "final" review of the motion. (*Id*. at 8.) On November 4, 2015, he spent an additional 1.1 hours making final edits to the motion. (*Id*.)

It is the court's finding that the time spent by Mr. Hames drafting the motion for attorneys' fees and supporting affidavit is excessive. The court concludes it is reasonable to reduce the amount of fees awarded to Defendants in connection with the briefing of this motion by ten hours at Mr. Hames' hourly rate of $235 (or $2,350).

The court will now address the issues raised in Plaintiff's response. First, Plaintiff points to a $1,242 charge for Westlaw, which he claims is unfounded because Nevada attorneys have access to a cheaper legal research alternative. (ECF No. 125 at 2.) Defendants are not seeking to recover this cost; therefore, the court need not address this argument.

Second, Plaintiff asserts that Ms. Pierce charged $162.50 on October 21, 2015, and $130 on November 18, 2015 for matters related to the appeal. (ECF No. 125 at 2)

Ms. Pierce's entry for .5 hours or $162.50 is on October 20, 2015, not October 21, 2015, and reads as follows: "Review verdict and assess for possible grounds for appeal; telephone call to B. Lawson regarding [reacted]." (ECF No. 124-2.) Since Defendants prevailed, the court assumes that Ms. Pierce was reviewing the verdict to determine whether Plaintiff had any possible grounds to appeal. The entry is not related to the appeal that was eventually filed by Plaintiff; therefore, the court will allow the recovery of these fees.

With respect to the November 18, 2015 entry, for .4 hours or $130, it reads: "Email correspondence with B. Lawson regarding [redacted]; review notice of appeal; telephone call with B. Lawson regarding [redacted]." (ECF No. 124-2 at 9.) On its face, this was not time spent litigating the fee issue, and instead reflects time spent relative to the appeal filed by Plaintiff. Accordingly, the court will reduce the fees requested by Defendants under this category by $130.

1    In sum, Defendants will be awarded a total of $13,504 in fees incurred in litigating the

2    fee issue.

3    **h. Conclusion on Fees**

4    Defendants are awarded a total of $238,933.50 ($225,429.50 in fees litigating the action

5    plus $13,504 in fees incurred litigating the fee issue).

6    **B. Costs**

7    **1. Legal Standard**

8    An award of costs in federal district court is generally governed by Federal Rule of Civil

9    Procedure 54(d), and not applicable state law, even in diversity cases. *See Champion Produce,*

10   *Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch*

11   *Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n. 2 (9th Cir. 1987)). This is because "federal

12   courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v.*

13   *Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64,

14   78 (1938)). An award of costs is thus governed by federal procedural law.

15   Federal Rule of Civil Procedure 54 provides that costs should be allowed to the

16   prevailing party. Fed. R. Civ. P. 54(d)(1). "Rule 54(d) creates a presumption in favor of

17   awarding costs to the prevailing party, but the district court may refuse to award costs within its

18   discretion." *Champion Produce*, 342 F.3d at 1022. "[A] district court need not give affirmative

19   reasons for awarding costs; instead, it need only find that the reasons for denying costs are not

20   sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v.*

21   *Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citation omitted). The losing party has the

22   burden of showing why the court should disallow requested costs. *Id*.

23   28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting*

24   *Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Those costs that may be taxed under

25   28 U.S.C. § 1920 include:

26   (1) Fees of the clerk and marshal;
     (2) Fees for printed or electronically recorded transcripts necessarily obtained for

27   use in the case;
     (3) Fees and disbursements for printing and witnesses;

28

1
2
3
4

> (4) Fees for exemplification and the costs of making copies of any materials
> where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and
> salaries, fees, expenses, and costs of special interpretation services under section
> 1828 of this title.

5   The "discretion granted by Rule 54(d) is not a power to evade" the specific categories of costs

6   set forth by Congress, but, "it is solely a power to decline to tax, as costs, the items enumerated

7   in § 1920." *Crawford*, 482 U.S. at 442. In other words, the court may not tax costs under Rule

8   54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v.*

9   *Murphy*, 548 U.S. 291, 301 (2006).

10       Local Rules 54-1 through 54-12 further explain what costs are allowed in this district.

11       Defendants assert that they are entitled to recover costs that are not recoverable under

12   Rule 54(d) and section 1920 because the settlement agreement says they can recover "actual

13   attorney's fees, costs and expenses incurred." Plaintiff does not address this issue. The court will

14   now determine whether this is the case.

15       Neither the United States Supreme Court nor the Ninth Circuit have specifically

16   addressed the issue presented here: whether a federal court may award costs to the prevailing

17   party in a diversity action on contract where the costs are not taxable under Rule 54(d) and 28

18   U.S.C. § 1920, but where the contract and state statute (California Civil Code 1717(a)) provide

19   for the recovery of costs to the prevailing party.

20       In *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987), the Supreme Court

21   addressed whether a federal court could order the losing party to pay the prevailing party's

22   expert witness fees in an amount that exceeded the witness rate under 28 U.S.C. § 1821(b). *Id.* at

23   438-39.  The Court held "that when a prevailing party seeks reimbursement for fees paid to its

24   own expert witness, a federal court is bound by the limit of § 1821(b), *absent contract or explicit*

25   *statutory authority to the contrary.*" *Id.* (emphasis added).

26       In a footnote in an unpublished decision in 2007, the Ninth Circuit addressed a case

27   involving asserted breaches of contract where the agreement between the parties provided for the

28   recovery of attorney's fees and costs to the prevailing party. *Hobson v. Orthodontic Center of*

1    *America Inc.*, 220 Fed.Appx. 490 (9th Cir. 2007). The Ninth Circuit affirmed the district court's

2    determination of the prevailing party under California Civil Code 1717. *Id*. It likewise affirmed

3    the district court's award of all costs to the prevailing party, finding that 28 U.S.C. § § 1821 and

4    1920 were not controlling in light of the contractual provision authorizing additional costs. *Id*.,

5    n. 7 (citing *Crawford*, 482 U.S. at 445). The court specifically noted that while *Crawford* dealt

6    with expert witness fees, "the Supreme Court's explanation of the relationship between § 1920

7    and Rule 54(d) [was] not limited to those facts." *Id*. (citing *Maxwell v. Hapag-Lloyd*

8    *Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988)).

9          Based on *Crawford*, and the footnote in *Hobson*, the court finds that Defendants are not

10   limited to the recovery of costs outlined in 28 U.S.C. § 1920 because of the contractual provision

11   entitling the prevailing party to the recovery of costs. The court must now determine what costs

12   Defendants are entitled to recover in addition to those taxable under Rule 54(d) and

13   28 U.S.C. § 1920.

14          The settlement agreement states that it shall be "interpreted and enforced according to the

15   laws of the State of California." (ECF No. 110-1 at 6 ¶ 16.) California Civil Code 1717(a) states

16   that the prevailing party in an action on contract is "entitled to reasonable attorney's fees in

17   addition to other costs." The costs recoverable pursuant to a contract provision under California

18   Civil Code 1717(a) are set forth in California Code of Civil Procedure 1033.5, unless it is proven

19   at trial that the contracting parties intended a broader scope of allowable costs. *Hsu v.*

20   *Semiconductor Systems, Inc.*, 126 Cal.App.4th 1330, 1341, 25 Cal.Rptr.3d 92 (Cal. Ct. App.

21   2005). California Code of Civil Procedure 1033.5 gives the court to discretion to award costs for

22   items not specifically mentioned in the statute so long as those items are reasonable in amount

23   and reasonably necessary to the conduct of litigation. Cal. Code Civ. Proc. § 1033.5(c)(2)-(4).

24         **2. Analysis**

25             **a. Taxable Costs**

26          Defendants have filed a bill of costs seeking $9,062.53 in taxable costs: (1) $7,422.33 for

27   printed or electronically recorded transcripts (of both depositions and hearings); (2) $1,530.20

28

1  for printing; and (3) $110 for witness fees. (ECF No.111.) Plaintiff filed an objection to the bill

2  of costs. (ECF No. 112; ECF No. 124 at 2 n. 2.)

### i. Transcripts

4        As indicated above, Defendants seek to recover $7,422.33 for printed or electronically

5  recorded transcripts they state were necessarily obtained for use in the case. (ECF No. 111 at 1,

6  5.) The court will split its discussion into two topics: (1) hearing transcripts; and (2) deposition

7  transcripts.

### A. Hearing Transcripts

9        Defendants seek to recover $1,330.50 for hearing transcripts as follows:

| Date | Description | Fee Amount |
|------|-------------|------------|
| 10/1/2014 | Davidson Reporting: transcript of motion held 10-1-14 | $310.25 |
| 1/7/2015 | Davidson Reporting: status conference | $138.70 |
| 2/20/2015 | NW Transcripts: expedited transcript (for 2/19/2015 hearing) | $179.45 |
| 3/6/2015 | Davidson Reporting: motion hearing | $87.60 |
| 3/24/2015 | Davidson Reporting: status conference | $94.90 |
| 4/30/2015 | Davidson Reporting: transcript of motion hearing | $247.35 |
| 9/9/2015 | Davidson Reporting: transcript of pretrial conference | $272.25 |
| **TOTAL:** | | **$1,330.50** |

18  (ECF No. 111 at 5; ECF No. 124 at 2 n. 2.)

19        Plaintiff argues that under Local Rule 54-3, transcripts of pre-trial, trial and post-trial

20  proceedings are not taxable unless requested by the court or prepared pursuant to stipulation

21  approved by the court, and these transcripts were not requested by the court. (ECF No. 112 at 2.)

22        Defendants contend that pursuant to the terms of the settlement agreement, they are

23  entitled to recover all costs, whether taxable or not. (ECF No. 113 at 2.) Defendants further argue

24  that costs for hearing transcripts are taxable pursuant to 28 U.S.C. § 1920, which provides that

25  fees for printed or electronically recorded transcripts necessarily obtained for use in the case are

26  taxable. (*Id*. at 3-4.) Defendants acknowledge that Local Rule 54-3 limits the recovery of costs

27  incurred, but again assert that the settlement agreement allows for the recovery of these costs and

28  it was upheld by the court.

Under 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed; however, Local Rule 54-3 provides that "transcripts of pretrial, trial, and post-trial proceedings are not taxable unless either requested by the Court or prepared pursuant to stipulation approved by the Court."

The hearing transcripts identified by Defendants were neither requested by the court nor prepared pursuant to a stipulation approved by the court; therefore, they are not taxable under federal law. The court must now determine whether they are taxable under California law as a result of the settlement agreement entered into by the parties. California Code of Civil Procedure 1033.5 provides that the prevailing party may recover the costs of transcripts of court proceedings ordered by the court; however, transcripts not ordered by the court are not allowable as costs. Cal. Code Civ. Proc. § 1033.5(a)(9), (b)(5). Since transcripts not ordered by the court are specifically disallowed, Defendants may not recover $1,330.50 for the hearing transcripts. Their costs award will be reduced accordingly.

**B. Deposition Transcripts**

Defendants also seek to recover $6,091.83 for deposition transcripts as follows:

| Date | Description | Fee Amount |
|------|-------------|------------|
| 2/27/2015 | Hoogs Reporting: original and electronic transcript of the expedited deposition of Mary Marsh Linde | $2,352.70 |
| 3/11/2015 | Sunshine Reporting: certified copy of transcript of John Bryant Lawson | $496.75 |
| 3/11/2015 | Sunshine Reporting: John Bryant Lawson (video) | $187.04 |
| 3/16/2015 | Sunshine Reporting: original and 1 certified copy of transcript of: John Lawson, Volume II | $1,168.20 |
| 3/16/2015 | John Lawson, Volume II (video) | $275 |
| 3/18/2015 | Sunshine Reporting: original and 1 certified copy of transcript of: John Lawson, Volume III | $441 |
| 3/18/2015 | Sunshine Reporting: John Bryant Lawson, Volume III (video) | $165 |
| 4/7/2015 | Sunshine Reporting: John Lawson, Vol. IV | $540.10 |
| 4/7/2015 | Sunshine Reporting: John Lawson Vol. IV | $466.04 |
| **TOTAL** | | **$6,091.83** |

(ECF No. 111 at 5.)

1    Plaintiff argues that while Local Rule 54-5 provides that the costs of deposition

2   transcripts are taxable, Defendants can only recover the costs of the original *or* a copy, *but not*

3   *both*. (*Id.* at 3.) Plaintiff asserts that the bill of costs seeks to recover costs for original, electronic

4   transcripts, certified copies and videos of the same deposition, which is not contemplated by

5   Local Rule 54-4. (*Id.*)

6    Defendants respond that pursuant to the terms of the settlement agreement, they are

7   entitled to recover all costs, whether taxable or not. (ECF No. 113 at 2.) Defendants also argue

8   that costs for deposition transcripts are allowed as long as necessarily obtained for use in the

9   case. (*Id.* at 4.) Defendants acknowledge that usually only an original or copy will be taxable, but

10   assert that courts may permit the recovery of both where both are necessarily obtained for use in

11   the case. (*Id.,* citing *Nicolaus v. West Side Transport, Inc.*, 185 F.R.D. 608, 612 n. 2 (D. Nev.

12   1999); *Rio Props. v. Stewart Annoyances, Ltd.*, 2006 Dist. LEXIS 64670, * 33 (D. Nev. Sept. 8,

13   2006)). Defendants claim that they reasonably ordered the certified copies of each transcript

14   because they were considered Ms. Linde and Mr. Lawson would be unwilling to sign the

15   transcripts. (*Id.* at 5.) They also ordered the video of John Lawson's deposition sessions given

16   that Mr. Lawson claimed to suffer from significant mental defects, and they wanted to document

17   his nonverbal mannerisms, responses and behavior. (*Id.*) Finally, they assert that the cost

18   incurred on April 7, 2015 ($466.04) was a court reporter fee for Mr. Lawson's deposition and not

19   a charge for an additional transcript. (*Id.*)

20    Under 28 U.S.C. § 1920(2), "[f]ees for printed or electronically recorded transcripts

21   necessarily obtained for use in the case" may be taxed.  "Deposition costs are taxable if they are

22   reasonably necessary for trial." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998).

23   Local Rule 54-4 similarly states that the cost of a deposition transcript is taxable, but qualifies

24   this by stating that the party may tax "either the original or a copy, but not both" of the

25   deposition transcript.

26    While Defendants seek to recover the costs for the original and one certified copy of each

27   session of the depositions of Ms. Linde and John Lawson, their motion did not indicate which

28   portion of the costs sought is for the original, and which portion is for the copy. In the court's

experience, the price of a transcript generally includes the original and a certified copy is provided gratis. *See also Thompson v. TRW Automotive, Inc.*, No. 2:09-cv-1375-JAD-PAL, 2015 WL 5474448, at * 14 (D. Nev. Sept. 17, 2015) (where it was noted that the court reporting service utilized charged for the original transcript only, and included a certified copy gratis). As a result, the court ordered Defendants to address the costs of the transcripts in their supplemental memorandum. (ECF No. 123.) Defendants did so, and confirmed that the deposition transcript charges included a single fee for the original and one certified copy of the transcript. (ECF No. 124 at 2; ECF No. 124-3.) As a result, these costs are taxable.

The court will now address whether the costs for the video of John Lawson's deposition sessions are taxable. Local Rule 54-4 does not specifically discuss whether the cost of a video of a deposition is taxable, but makes clear that a party entitled to recover costs may only tax the cost of the original or a copy of a deposition, but not both. Other judges in this district that have recently addressed this issue have concluded that videos of depositions are not taxable. *See, e.g., Thompson v. TRW Automotive, Inc.*, No. 2:09-cv-1375-JAD-PAL, 2015 WL 5474448, at * 14 (D. Nev. Sept. 17, 2015); *Sloan v. Country Preferred Ins. Co.*, No. 2:12-cv-01085-APG-PAL, 2015 WL 995128, at * 3 (D. Nev. Mar. 5, 2015); *Rubin v. Scotts Co. LLC,* No. 2:09-cv-02419-GMN-VCF, 2014 WL 4635708, at * 3 (D. Nev. Sept. 16, 2014); *Tae-Si Kim v. Kearney*, No. 2:09-cv-02008-PMP-PAL, 2012 WL 1964021, at * 2 (D. Nev. May 31, 2012). The court similarly finds that the fees for videos of John Lawson's deposition are not recoverable under Local Rule 54-4.

The court nevertheless finds that Defendants may recover the costs of the video depositions as they are allowed under California Code of Civil Procedure 1033.5(a)(3)(A). Defendants are therefore awarded $6,091.83 in costs for deposition transcripts and videos.

### ii. Printing

Defendants seek to recover $1,530.20 as costs for printing. (ECF No. 111 at 1.) The documentation accompanying the bill of costs indicates that these costs were incurred for "in-house document reproduction" between August 26, 2014 and September 30, 2015. (ECF No. 111 at 19.)

1    Plaintiff argues that the costs requested for printing must be denied as Defendants did not

2    identify or define costs or reproduction necessary for an exhibit, versus costs of reproducing

3    copies of motions, pleadings, notices and other routine case papers pursuant to Local Rule 54-6.

4    (*Id.* at 3-4.)

5    Defendants argue that pursuant to the terms of the settlement agreement, they are entitled

6    to recover all costs, whether taxable or not. (ECF No. 113 at 2.) Defendants also assert that costs

7    for printing necessarily obtained for use in the case are recoverable. (*Id.* at 6.) They contend that

8    Local Rule 54-6 applies to costs claimed pursuant to 28 U.S.C. § 1920(4), which relates to

9    copying, and not to 28 U.S.C. § 1920(3), which relates to printing. (*Id.*) Defendants only seek

10   fees for printing, not copying, and therefore, argue that the costs are taxable. (*Id.*)

11   The court may tax "fees and disbursements for printing," as well as "fees for

12   exemplification and the costs of making copies of any materials where the copies are necessarily

13   obtained for use in the case[.]" 28 U.S.C. § 1920(3), (4). With respect to fees for copying, Local

14   Rule 54-6 provides in relevant part:

15   Exemplification and Copies of Papers.
     (a) An itemization of costs claimed pursuant to this section shall be attached to the
16   cost bill. The cost of copies of an exhibit necessarily attached to a document
     required to be filed and served is taxable. Cost of one (1) copy of a document is
17   taxable when the copy is admitted into evidence in lieu of an original because the
     original is either not available or is not introduced at the request of opposing
18   counsel. The cost of copies submitted in lieu of originals because of the
     convenience of offering counsel or counsel's client is not taxable. The cost of
19   reproducing copies of motions, pleadings, notices and other routine case papers is
     not allowable. The cost of copies obtained for counsel's own use is not taxable.
20   The fee of an official for certification or proof regarding non-existence of a
     document is taxable. Notary fees are taxable if actually incurred, but only for
21   documents which are required to be notarized and which are necessarily filed.
     Costs incurred for reducing documents to comply with the paper size
22   requirements of these Rules are taxable.

23

24   Defendants specifically request the recovery of costs for *printing* under 28 U.S.C.

25   § 1920(3), and not the costs of copying under 28 U.S.C. § 1920(4). Local Rule 54-6 does not

26   apply to costs for printing. The court finds Defendants appropriately seek costs for printing under

27   28 U.S.C. § 1920(3). Therefore, the costs of $1,530 for printing will be taxed.

28   ///

### iii. Witness Fees

Plaintiff does not object to the $110 in witness fees sought by Defendants; therefore, this amount will be taxed.  28 U.S.C. § 1920(3).

### iv. Conclusion on Taxable Costs Sought by Defendants

The $9,062.53 in taxable costs sought by Defendants will be reduced by $1,330.50 (hearing transcripts). Therefore, Defendants will be awarded a total of $7,732.03 from this category of costs.

### b. Non-Taxable Costs

Defendants also seek to recover $5,069.51 in non-taxable costs pursuant to the terms of the settlement agreement, consisting of: (1) $5.34 in postage fees; (2) $100 in messenger service fees; (3) $188.90 in meal costs incidental to trial; (4) $1,046.42 in travel expenses; and (5) $3,728.85 in electronic research and document access fees. (ECF No. 110 at 8; ECF No. 110-4 at 2.)

Plaintiff's response to Defendants' motion does not address the non-taxable costs sought by Defendants. These are not recoverable pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. The court must now determine whether they are recoverable under California law.

Items not mentioned as allowable or not allowable as costs in California Code of Civil Procedure 1033.5 "may be allowed or denied in the court's discretion." Cal. Code Civ. Proc. 1033.5(c)(4). These items must be reasonable in amount and reasonably necessary to the conduct of the litigation. Cal. Code Civ. Proc. § 1033.5(c)(2), (3).

### i. Postage

Defendants seek $5.34 in postage costs. Postage fees are expressly disallowed under California Code of Civil procedure 1033.5(b)(3); therefore, the costs sought by Defendants will be reduced by $5.34.

### ii. Messenger Fees

Defendants request $100 in messenger fees. Messenger fees have been allowed when related and reasonably necessary for trial preparation, *Ladas v. Cal. State Auto. Ass'n*, 19

1   Cal.App.4th 761, 776, 23 Cal.Rptr.2d 810 (Cal. Ct. App. 1993); *Foothill-DeAnza Community*

2   *College Dist. v. Emerich*, 158 Cal.App.4th 11, 30, 69 Ca.Rptr.3d 678 (Cal. Ct. App. 2007), but

3   not where the party failed to show the charges were reasonable or necessary, *Nelson v. Anderson*,

4   72 Cal.App.4th 111, 132, 84 Cal.Rptr.2d 753 (Cal. Ct. App. 1999).

5       Ms. Morgan's declaration lists the non-taxable costs sought by Defendants, but does not

6   discuss the reasonableness of the $100 in messenger fees or how the fees were necessary to the

7   conduct of the litigation. Therefore, the $100 in messenger fees will not be allowed.

8                   **iii. Meals**

9       Defendants seek $188.90 in meal costs incidental to trial. Section 1033.5 does not allow

10  for the recovery of the cost of meals during trial. Exercising its discretion, the court will not

11  allow these costs as the court does not find the meals reasonably necessary to the conduct of trial.

12  *See Ladas*, 19 Cal.App.4th at 774-75 (finding costs for meals consumed while attending local

13  depositions and other "business meal expenses" not necessary to the conduct of litigation, but

14  "'merely convenient or beneficial' to preparation for litigation").

15                  **iv. Travel**

16      Defendants request $1,046.42 in travel expenses for Defendant Lawson's travel to Reno

17  for the trial.  While not specifically allowed by California Code of Civil Procedure 1033.5, the

18  court finds that Mr. Lawson's travel expenses are reasonable in amount, and that his trial

19  attendance was obviously reasonably necessary to the conduct of litigation; therefore, these costs

20  will be allowed in the court's discretion pursuant to section 1033.5(c)(4).

21          **v. Electronic Research and Document Access**

22      Defendants seek to recover $3,728.85 in electronic research and document access fees. In

23  *Ladas*, the appellate court held that "[f]ees for legal research, computer or otherwise, may not be

24  recovered under section 1033.5." *Ladas*, 19 Cal.App.4th at 776. Therefore, the costs sought by

25  Defendants for electronic research and document access are not allowed.

26          **vi. Conclusion on Non-Taxable Costs**

27      Defendants are entitled to recover $1,046.42 under this category of costs.

28  ///

**c. Conclusion on Costs**

Defendants are awarded a total of $8,778.45 in costs.

### IV. CONCLUSION

For the reasons discussed above, Defendants' motion (ECF No. 109) is **GRANTED IN PART AND DENIED IN PART**. Defendants are hereby awarded a total of $238,933.50 in attorneys' fees and $8,778.45 in costs.

**IT IS SO ORDERED**.

Dated: March 24, 2016

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE